13,294.1J
James R. Birchmeier, Esquire
Attorney ID#:  022921986
**BIRCHMEIER & POWELL LLC**
1891 State Highway 50
P.O. Box 582
Tuckahoe, NJ  08250
Attorneys for Defendants, City of Wildwood and Officer Robert Jordan

| | |
|---|---|
| EMILY WEINMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>OFFICER THOMAS CANNON;<br>OFFICER ROBERT JORDAN;<br>LIEUTENANT KENNETH GALLAGHER;<br>AND CITY OF WILDWOOD,<br><br>                              Defendants. | **UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE**<br><br>Civil Action No.   1:19-cv-18948<br>(RBK/KMW)<br><br>**ANSWER AND SEPARATE<br>DEFENSES ON BEHALF OF<br>DEFENDANTS, CITY OF WILDWOOD<br>AND OFFICER ROBERT JORDAN** |

The Defendants, City of Wildwood and Officer Robert Jordan, by way of Answer to the

Plaintiff's Complaint hereby states as follows:

## **INTRODUCTION**

1.      Denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      It is admitted that the plaintiff pled guilty to an offense under the laws of the State

of New Jersey.

7.      Denied.

**PARTIES**

8.      The allegations contained in this paragraph are neither admitted nor denied and plaintiff is left to strict proofs.

9.      It is admitted that, at the time of the events alleged in the Complaint, the defendant Jordan was an employee of the City of Wildwood as a Police Officer.

10.      Admitted.

**JURISDICTION AND VENUE**

11.      It is admitted that, at the time of the events alleged in the Complaint, the defendant Jordan was an employee of the City of Wildwood as a Police Officer.

12.      Admitted.

13.      The allegations contained in this paragraph are neither admitted nor denied and plaintiff is left to strict proofs.

14.      The allegations contained in this paragraph are neither admitted nor denied and plaintiff is left to strict proofs.

15.      Denied.

**FACTUAL ALLEGATIONS**

16.      Repeated allegations are answered as heretofore.

17.      The allegations contained in this paragraph are neither admitted nor denied and plaintiff is left to strict proofs.

18.      It is admitted that the defendant Jordan came in contact with the plaintiff on May 25, 2018.

19.      Admitted.

20.      Denied.

21.     The allegations contained in this paragraph do not apply to answering defendants and no answer is made.

22.     The allegations contained in this paragraph are neither admitted nor denied and plaintiff is left to strict proofs.

23.     Denied.

24.     The allegations contained in this paragraph do not apply to answering defendants and no answer is made.

25.     Denied.

26.     The allegations contained in this paragraph do not apply to answering defendants and no answer is made.

27.     The allegations contained in this paragraph do not apply to answering defendants and no answer is made.

28.     Denied.

29.     Denied.

30.     It is admitted that a portion of this incident can be viewed at the referenced website.

31.     Denied as the plaintiff who was arrested and charged with criminal offenses in the State of New Jersey.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     The allegations contained in this paragraph do not apply to answering defendants and no answer is made.

39.     The allegations contained in this paragraph do not apply to answering defendants and no answer is made.

40.     It is admitted that the plaintiff was charged with additional indictable offenses.

41.     Admitted.

### Wildwood Police Department

42.     Denied.

43.     The allegations contained in this paragraph are neither admitted nor denied and plaintiff is left to strict proofs.

44.     The allegations contained in this paragraph are neither admitted nor denied and plaintiff is left to strict proofs.

45.     Denied.

46.     Denied.

47.     Denied.

48.     It is denied that the City has a reckless disregard and indifference to its use of force. As to the remaining allegations in this paragraph, the plaintiff is left to her strict proofs.

49.     Denied.

50.     Denied that the officers used unreasonable force.

51.     Denied.

### COUNT I
### 42 U.S.C. §1983 – Excessive Force

52.     Denied.

53.     Denied.

54.     Denied.

55.   Denied.

## COUNT II
**42 U.S.C. §1983 – Due process:  fabricated evidence claim**

56.   Repeated allegations are answered as heretofore.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

## COUNT III
**42 U.S.C. §1983 – Failure to Intervene**

61.   Repeated allegations are answered as heretofore.

62.   Denied.

63.   Denied.

64.   Denied.

## COUNT IV
**42 U.S.C. §1983 – Conspiracy**

65.   Repeated allegations are answered as heretofore.

66.   Denied.

67.   Denied.

68.   Denied.

69.   Denied.

70.   Denied.

71.   Denied.

## COUNT V
**42 U.S.C. §1983 – Monell Claim**

73.   Admitted.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

## COUNT VI
### State Law Claim – Assault and Battery

81.    Repeated allegations are answered as heretofore.

82.    Denied.

83.    The allegations contained in this paragraph do not apply to answering defendants and no answer is made.

84.    The allegations contained in this paragraph do not apply to answering defendants and no answer is made.

85.    Denied.

86.    Denied.

87.    Denied.

## COUNT VII
### State Law Claim – Civil Conspiracy

88.    Repeated allegations are answered as heretofore.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.     Denied.

94.     Denied.

## PUNITIVE DAMAGES

95.     Denied.

## DAMAGES

96.     Denied.

## SEPARATE DEFENSES

1.      Answering defendants were guilty of no negligence.

2.      Answering defendants performed each and every duty and obligation owed to plaintiff.

3.      Plaintiff's State law claims are barred by failure to comply with the Notice of Claims Provision of the New Jersey Tort Claims Act, N.J.S. 59:1-1, et seq.

4.      This action is barred by Public Policy.

5.      The Complaint fails to state a claim upon which relief may be granted.

6.      The claims set forth against answering defendants are barred by the provisions of the "Fireman's Rule" and/or "Policeman's Rule".

7.      These defendants invoke the immunity afforded to it pursuant to N.J.S. 59:2-1, general public immunity.

8.      These defendants invoke the immunity afforded to it pursuant to N.J.S. 59:2-3, discretionary immunity.

9.      These defendants invoke the immunity afforded to it pursuant to N.J.S. 59:3-1, general public immunity for public employees.

10.     These defendants invoke the immunity afforded to it pursuant to N.J.S. 59:3-2, discretionary immunity.

11.     These defendants invoke the immunity afforded to it pursuant to N.J.S. 59:3-3, execution or enforcement of laws immunity.

12.     These defendants invoke the immunity afforded to it pursuant to N.J.S. 59:9-2(d), threshold immunity.

13.     These defendants invoke each and every other right, title, privilege and/or immunity available to it pursuant to the Tort Claims Act, N.J.S. 59:1-1, et seq.

14.     This action is barred by the Doctrine of Sovereign Immunity.

15.     This action is barred by the Doctrine of Qualified Immunity.

16.     This action is barred by the Doctrine of Partial Immunity.

17.     These defendants acted at all times in good faith.

18.     These defendants acted at all times with probable cause.

19.     These defendants invoke the Doctrine of Community Caretaking Immunity.

20.     All claims for punitive damages are barred.

21.     The Complaint states no substantial Federal law question.

22.     The Complaint states no substantial State law question.

23.     Plaintiff has not been deprived of any right, privilege or immunity secured to her by the United States Constitution or any act of Congress.

24.     Plaintiff has not been deprived of any right, privilege or immunity secured to her by the New Jersey State Constitution or any act of the New Jersey State Legislature.

25.     Insofar as plaintiff asserts claims regarding his arrest, this defendant is immune from suit since probable cause existed.

26.     This action is barred by the Doctrine of Unclean Hands.

27.     These defendants are not liable to the plaintiff because this defendants' acts and/or omissions were objectively reasonable at all times.

28.     All claims of *respondeat superior* are barred by law.

29.     These defendants have no policy, custom or procedure that amounts to deliberate indifference.

30.     Negligence is not legally cognizable under civil rights actions, both Federal and State.

31.     These defendants reserve the right to interpose any and all such additional defenses as continuing investigation and discovery may warrant.

**JURY DEMAND**

**TAKE NOTICE THAT ANSWERING DEFENDANTS DEMANDS A TRIAL BY JURY.**

**CERTIFICATION**

It is hereby certified that a copy of this Answer was served on December 5, 2019, within the time prescribed by the Federal Rules of Civil Procedure.

Pursuant to the Federal Rules of Civil Procedure, it is hereby certified that to the best of my knowledge, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

**BIRCHMEIER & POWELL LLC**

Dated:  December 5, 2019                    BY:/s/James R. Birchmeier
                                            JAMES R. BIRCHMEIER, ESQUIRE
                                            Attorneys for Defendants, City of Wildwood
                                            and Officer Robert Jordan

## DESIGNATION OF TRIAL COUNSEL

Please be notified that pursuant to the Federal Rules of Civil Procedure, James R. Birchmeier, Esquire, is hereby designated as trial counsel in the above captioned litigation on behalf of the firm of Birchmeier & Powell, LLC attorneys for Defendants, City of Wildwood and Officer Robert Jordan.

**BIRCHMEIER & POWELL LLC**

Dated: December 5, 2019                BY:/s/James R. Birchmeier
                                        JAMES R. BIRCHMEIER, ESQUIRE
                                        Attorneys for Defendants, City of Wildwood
                                        and Officer Robert Jordan