**PATRICK J. MADDEN, ESQUIRE – ID 019781996**
MADDEN & MADDEN, P.A.
108 KINGS HIGHWAY EAST - SUITE 200
POST OFFICE BOX 210
HADDONFIELD, NEW JERSEY  08033
TEL: (856) 428-9520
Attorney for Defendant, Lieutenant Kenneth Gallagher

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EMILY WEINMAN,<br><br>Plaintiff(s),<br><br>v.<br><br>OFFICER THOMAS CANNON;<br>OFFICER ROBERT JORDAN;<br>LIEUTENANT KENNETH GALLAGHER;<br>AND THE CITY OF WILDWOOD,<br><br>Defendant(s). | CIVIL ACTION NO:<br>1:19-cv-18948-RBK-KMW<br><br><br>ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF LIEUTENANT KENNETH GALLAGHER |

Defendant, Lieutenant Kenneth Gallagher, by of answer to Plaintiff's Complaint, hereby answers Plaintiff's complaint as follows:

### INTRODUCTION

1. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

2. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

3. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

4. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

5. Denied.

6. It is admitted that the plaintiff pled guilty to an offense under the laws of the State of New Jersey.

7. Denied.

## PARTIES

8. This Answering Defendant is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and plaintiff is left to her proofs.

9. Admitted that Lieutenant Gallagher was an employee of the Wildwood Police Department at the time of the events alleged in the Complaint.

10. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

## JURISDICTION AND VENUE

11. Admitted that Lieutenant Gallagher was an employee of the Wildwood Police Department at the time of the events alleged in the Complaint.

12. Admitted.

13. The allegations contained in this paragraph are neither admitted nor denied and plaintiff is left to strict proofs.

14. The allegations contained in this paragraph are neither admitted nor denied and plaintiff is left to strict proofs.

15. Denied.

## FACTUAL ALLEGATIONS

16. Defendant, Lieutenant Kenneth Gallagher, hereby repeats and reiterates the responses to the foregoing paragraphs as if the same were set forth herein at length.

17. This Answering Defendant is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and plaintiff is left to her proofs.

18. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

19. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

20. Denied as stated.

21. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

22. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

23. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

24. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

25. Denied.

26. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

27. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

28. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

29. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

30. It is admitted that a portion of the incident can be viewed at the referenced website.

31. Denied as stated.

32. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

33. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

34. Denied as to this Answering Defendant.

35. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

36. Denied as to this Answering Defendant.

37. Denied.

38. Denied.

39. Denied.

40. It is admitted that the plaintiff was charged with additional indictable offenses.

41. Admitted.

### Wildwood Police Department

42. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

43. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

44. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

45. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

46. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

47. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

48. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

49. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

50. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, plaintiff is left to her proofs.

51. Denied as to this Answering Defendant.

## COUNT I
### 42 U.S.C. §1983 – Excessive Force

52. Denied.

53. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

54. Denied.

55. Denied.

## COUNT II
### 42 U.S.C. §1983 – Due process: fabricated evidence claim

56. Defendant, Lieutenant Kenneth Gallagher, hereby repeats and reiterates the responses to the foregoing paragraphs as if the same were set forth herein at length.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT III
### 42 U.S.C. §1983 – Failure to Intervene

61. Defendant, Lieutenant Kenneth Gallagher, hereby repeats and reiterates the responses to the foregoing paragraphs as if the same were set forth herein at length.

62. Denied.

63. Denied.

64. Denied.

## COUNT IV
### 42 U.S.C. §1983 – Conspiracy

65. Defendant, Lieutenant Kenneth Gallagher, hereby repeats and reiterates the responses to the foregoing paragraphs as if the same were set forth herein at length.

66. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT V
### 42 U.S.C. §1983 – Monell Claim

73. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

74. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

75. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

76. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

77. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

78. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

79. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

80. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

## COUNT VI
### State Law Claim – Assault and Battery

81. Defendant, Lieutenant Kenneth Gallagher, hereby repeats and reiterates the responses to the foregoing paragraphs as if the same were set forth herein at length.

82. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

83. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

84. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

85. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

86. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

87. Denied.

## COUNT VII
### State Law Claim – Civil Conspiracy

88. Defendant, Lieutenant Kenneth Gallagher, hereby repeats and reiterates the responses to the foregoing paragraphs as if the same were set forth herein at length.

89. The allegations of this paragraph do not pertain to this Answering Defendant; thus, no response is tendered thereto. To the extent that any response is required, denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

### PUNITIVE DAMAGES

95. Denied.

### DAMAGES

96. Denied.

### SEPARATE DEFENSES

1. This party was not guilty of any negligence or other wrongdoing contributing to the happening of the incident or to the damages or injuries which are the subject matter of this action.

2. This party was not guilty of any negligence or other wrongdoing which was in whole, or in part, the proximate cause of the incident or of the damages or injuries which are the subject matter of this action.

3. The incident mentioned in the complaint and the plaintiff's injuries and damages were due to the negligence of the plaintiff.

4. The incident mentioned in the complaint and the injuries and damages of the plaintiff were due to the negligence of the plaintiff which was proportionately greater than the negligence of these

parties. By reason of the premises and provisions of N.J.S.A. 59:9-4, et seq., the plaintiff is barred from any recovery against these parties.

5. The incident and the injuries and damages mentioned in the complaint were due to the negligence or other wrongdoing of a third person or persons over whom these parties exercised no control and for whose acts these parties are not responsible.

6. The incident mentioned in the complaint and the injuries and damages of the plaintiff were caused in part by the negligence of the plaintiff. By reason of the premises and the provisions of N.J.S.A. 59:9-1, et seq., any damages sustained by the plaintiff shall be diminished by the percentage of negligence attributable to the plaintiff.

7. This party is a public entity or public employee within the meaning of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and, by virtue of the said New Jersey Tort Claims Act and its various provisions, these parties are not liable to any party herein and any recovery by any party herein is subject to the limitations set forth in said Act.

8. The damages recoverable in this action, if recoverable at all, are limited by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

9. At all times mentioned in the complaint, any and all actions or omissions of these parties relating in any way to plaintiffs alleged damages involved decisions of these parties within an area of non-actionable governmental discretion. By virtue of the said premises, these parties are not liable to any party herein.

10. This action is barred as to these parties by reason of the failure of the party asserting a claim against these parties to present a notice of claim pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

11. Plaintiff's claim is limited by the doctrine of avoidable consequences.

12. Plaintiff's complaint is barred by the doctrine of estoppel.

13. Plaintiff was guilty of contributory negligence.

14. Plaintiff's complaint is barred by the applicable statute of limitations.

15. Plaintiff's complaint is barred by the doctrine of waiver.

16. Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

17. The damages alleged were the result of unforeseeable intervening or superseding acts of others independent of defendant which bars plaintiff's cause of action.

18. The complaint does not set forth a cause of action for punitive damages.

19. The complaint fails to plead a cause of action under ¶ 1983, since there was no deprivation of a Federal right, nor has plaintiff shown that the acts or omissions were "under color of state law."

20. Plaintiff's complaint is barred by the doctrine of collateral estoppel.

21. Plaintiff's complaint is barred by the doctrine of res judicata.

22. There was no denial of procedural and/or substantive due process under the Fourteenth Amendment.

23. There was no deprivation of liberty without due process of law.

24. Negligent supervision and failure to train alone are not bases for ¶ 1983 liability.

25. Assuming arguendo that the acts or omissions alleged constitute negligence, negligence is not a cause of action under 42 U.S.C. ¶ 1983.

26. The acts or omissions alleged in the complaint are cloaked by judicial, legislative and/or witness immunity.

27. The acts or omissions alleged in the complaint are cloaked by the doctrine of absolute immunity and/or qualified and/or good faith immunity.

28. In applying the "objectively reasonable" test or the "clearly established law" test, qualified immunity applies to the individual defendants.

29. Plaintiff has failed to prove malicious intent on the part of the individual defendant sufficient to defeat a claim of qualified immunity.

30. Plaintiff has failed to prove the existence of actual damages and his claim is barred, since there is no compensation under 42 U.S.C. ¶ 1983 merely for an "abstract" constitutional right.

31. The claims against defendant are frivolous and groundless and do not set forth a cause of action under 42 U.S.C. ¶ 1983. Pursuant to 42 U.S.C. ¶ 1988, defendant is entitled to counsel fees.

32. The prior state and/or Federal Proceeding bars plaintiff's complaint.

33. The complaint is barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

34. The complaint is barred by the entire controversy doctrine.

35. This answering party is not obligated to plaintiff in any amount or sum, whatsoever.

36. Plaintiff has not suffered any damages.

37. Plaintiff has failed to mitigate damages.

38. Plaintiff's claim is barred by the doctrine of laches.

39. Plaintiff's claim is barred by his failure to pursue administrative remedies.

40. Defendants have not violated any duty to or right of Plaintiff, nor breached any agreement with Plaintiff.

41. Plaintiff is not entitled to recover any punitive or treble damages.

42. Plaintiff's claims for punitive damages are governed by the limitations set forth in the New Jersey Punitive Damages Act, N.J.S.A. 15-5.9 et seq.

43. Plaintiff's claims are limited and/or barred by the terms and conditions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1, et seq. and/or the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

44. Plaintiff's complaint is barred by the doctrine of collateral estoppel.

45. Plaintiff's complaint is barred by the doctrine of judicial estoppel.

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I, PATRICK J. MADDEN, ESQUIRE, counsel for Defendant, do hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Without admitting any liability whatsoever, Answering Defendant hereby demands from any/all other defendants currently named or to be named to this action both a defense, contribution and indemnification pursuant to any/all applicable provisions of common law and/or contract and/or statute (including but not limited to the New Jersey Joint Tortfeasors Contribution Act,

N.J.S.A. 2:53A-1 et seq.; the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.; the New Jersey Tort Claims Act, N.J.S.A. 59:9-3, 9-4), N.J.S.A. 40A:14-155, and N.J.S.A. 59:10-4, by way of demand for complete indemnification against all other defendants currently named or to be named, assert that any negligence on the part of these answering defendants is only secondary, vicarious, and imputed whereas the negligence of any/all such other defendants was primary, direct, and active.

## ANSWER TO CROSSCLAIMS

Answering Defendants by way of Answer to any and all crossclaims which may be made against it says:

Answering Defendants deny all allegations of any crossclaim that cross-claimants are entitled to relief sought.

WHEREFORE, Answering Defendants demand judgment dismissing any crossclaim, plus costs.

## REQUEST FOR ALLOCATION

Pursuant to Young v. Latta, 123 N.J. 584 (1991), these Defendants hereby advise that if any co-Defendant settles the within matter prior to conclusion of trial, the liability of any settling co-Defendants shall remain an issue and Answering Defendants shall seek an allocation of percentage of negligence by the finder of fact against such a settling co-Defendant and/or a credit in favor of Answering Defendants consistent with such allocation.

Furthermore, Answering Defendants hereby advise that it intends to seek an allocation of the percentage of negligence by the finder of fact against any and all persons and entities, whether public or private, who may have caused and/or contributed to the happening of the accident

whether or not such tortfeasors have been joined as parties to this action, and that this shall constitute Defendant's "fair and timely" notice of such intention to all parties, pursuant to the principles set forth in Young v. Latta, 123 N.J. 584 (1991); Bolz v. Bolz, 400 N.J. Super. 154 (App.Div 2008); Jones v. Morey's Pier, Inc., 230 N.J. 142 (2017); Krzykalski v. Tindal, 2018 N.J. LEXIS 484, and similar cases interpreting the Comparative Negligence Act N.J.S.A. 2A:15-5.1 et seq. and the Joint Tortfeasor Contribution Law N.J.S.A. 2A:53A-1 et seq.

## **JURY DEMAND**

The Defendant in the above matter does hereby demand a trial of all issues of this cause by jury.

## **DESIGNATION OF TRIAL COUNSEL**

Please take notice that, Patrick J. Madden, Esquire, is hereby designated as trial counsel.

MADDEN & MADDEN, P.A.

*/s/ Patrick J. Madden*

By: _____
Patrick J. Madden, Esquire
Attorneys for Defendant,
Lieutenant Kenneth Gallagher

DATED: December 17, 2019