**REYNOLDS & HORN, P.C.**
116 South Raleigh Avenue
Suite 9B
Atlantic City, NJ  08401
609-335-4719
treynolds@reynoldshornlaw.com
By:  Thomas B. Reynolds, Esquire
(Atty. ID #019311982)
Attorney for Defendant Officer Thomas Cannon
File No. 8119-TBR

| | |
|---|---|
| EMILY WEINMAN,<br><br>                Plaintiff,<br>v.<br><br>OFFICER THOMAS CANNON;<br>OFFICER ROBERT JORDAN;<br>LIEUTENANT KENNETH GALLAGHER;<br>AND CITY OF WILDWOOD,<br><br>                Defendants. | **UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE**<br><br>Civil Action No.   1:19-cv-18948<br>(RBK/KMW)<br><br>**ANSWER, SEPARATE DEFENSES, CROSSCLAIMS AND JURY DEMAND ON BEHALF OF DEFENDANT OFFICER THOMAS CANNON** |

DEFENDANT Wildwood Police Officer Thomas Cannon, by way of answer to the Complaint of Plaintiff above, states:

## INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Admitted that Plaintiff pled guilty.

7. Denied.

## PARTIES

8. Neither admitted nor denied and Plaintiff is left to her proofs.

9. Admitted that answering defendant was at relevant times employed and acting within scope of duties .as a police officer for the City of Wildwood.

10. Admitted.

## JURISDICTION AND VENUE

11. Admitted that answering defendant acted at relevant times in accordance with applicable law and within scope of lawful authority.

12. Admitted.

13. Neither admitted nor denied and Plaintiff is left to her proofs.

14. Denied that answering defendant is liable to Plaintiff pursuant to cited provisions of law.

15. Denied.

## FACTUAL ALLEGATIONS

16. Answering defendant Officer Thomas Cannon repeats his answer to the preceding allegations and incorporates same as if fully set forth at length herein.

17. Neither admitted nor denied and Plaintiff is left to her proofs.

18. Admitted that answering defendant encountered Plaintiff on date in question.

19. Admitted.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied that answering defendant committed an assault or violated Plaintiff's rights.

31. Denied; admitted that Plaintiff was processed and charged with offenses under New Jersey law.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied

40. Neither admitted nor denied and Plaintiff is left to her proofs.

41. Admitted that Plaintiff pled guilty.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied that answering defendant utilized unreasonable force.

51. Denied.

## COUNT I

Answering defendant hereby incorporates by reference his answers to the preceding paragraphs, as if set forth at length herein.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT II

56. Answering defendant hereby incorporates by reference his answers to the preceding paragraphs, as if set forth at length herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT III

61. Answering defendant hereby incorporates by reference his answers to the preceding paragraphs, as if set forth at length herein.

62. Denied.

63. Denied.

64. Denied.

## COUNT IV

65. Answering defendant hereby incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT V

73(sic).  Admitted.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied that answering defendant violated Plaintiff's rights.

79. Denied.

80. Denied.

## COUNT VI

81. Answering defendant hereby incorporates by reference his answers to the preceding paragraphs as if set forth at length herein.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT VII

88. Answering defendant hereby incorporates by reference his answer to the preceding paragraphs as if set forth at length herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## PUNITIVE DAMAGES

Answering defendant hereby incorporates by reference his answer to the preceding paragraphs as if set forth at length herein.

95. Denied.

## DAMAGES

Answering defendant hereby incorporates by reference his answer to the preceding paragraphs as if set forth at length herein.

96. Denied.

**WHEREFORE**, answering defendant Officer Thomas Cannon hereby demands judgment dismissing the Complaint with prejudice, together with costs of suit and fees.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The answering Defendant hereby raises the pertinent Statute of Limitations defenses.

### SECOND SEPARATE DEFENSE

The answering Defendant hereby raises all defenses available under the Affidavit of Merit of Statue. N.J.S.A. 2A:53-26, et seq.

### THIRD SEPARATE DEFENSE

The answering Defendant specifically denies negligence.

### FOURTH SEPARATE DEFENSE

The answering Defendant performed each and every duty owed to the plaintiff.

### FIFTH SEPARATE DEFENSE

The answering Defendant denies Plaintiff's claims of proximate causation.

### SIXTH SEPARATE DEFENSE

The losses and injuries alleged to have been sustained by plaintiff were caused by sole negligence of the plaintiff.

### SEVENTH SEPARATE DEFENSE

The losses and injuries alleged to have been sustained by plaintiff were caused by the acts of others than the answering defendant and the defendant hereby pleads the Comparative Negligence Act of the State of New Jersey. N.J.S.A. 2A:15-1, et seq.

### **EIGHTH SEPARATE DEFENSE**

The losses and injuries alleged by Plaintiff were caused by and arose out of risks of which the plaintiff had full knowledge and had assumed.

### **NINTH SEPARATE DEFENSE**

The answering defendant fulfilled all duties and obligations to properly inform the patient of all potential risks and complications.

### **TENTH SEPARATE DEFENSE**

The negligence, if any, was that of others over whom the answering defendant owed no duty and to whom this answering defendant exercised no control.

### **ELEVENTH SEPARATE DEFENSE**

The Plaintiff has failed to state a cause of action upon which relief may be granted.

### **TWELFTH SEPARATE DEFENSE**

The answering Defendant asserts that plaintiff's alleged losses and injuries are the result of an act by an independent intervening agency or instrumentality over which the answering Defendant had no power or control.

### **THIRTEENTH SEPARATE DEFENSE**

To the extent that it may be applicable, plaintiff's complaint is barred by laches.

### **FOURTEENTH SEPARATE DEFENSE**

To the extent that it may be applicable, Defendant raises the affirmative defense of *res judicata*.

### **FIFTEENTH SEPARATE DEFENSE**

The proximate cause of the alleged injuries was the existing and pre-existing physical condition of the Plaintiff.

### **SIXTEENTH SEPARATE DEFENSE**

To the extent applicable, Plaintiff's Complaint is barred or limited by lack of personal and/or subject matter jurisdiction.

### **SEVENTEENTH SEPARATE DEFENSE**

To the extent applicable, Plaintiff's claims are barred or limited by the entire controversy doctrine.

### EIGHTEENTH SEPARATE DEFENSE

To the extent applicable, Plaintiff's claim is barred by the provisions of the New Jersey Tort Claims Act.

### NINETEENTH SEPARATE DEFENSE

To the extent applicable, Plaintiff's claim is barred and/or limited by the New Jersey Wrongful Death Act, N.J.S. A. 2A:3.1 et seq.

### TWENTY SEPARATE DEFENSE

To the extent applicable, defendant (s) raises all defenses under the New Jersey Property-Liability Insurance Guaranty Association Act. N.J.S. A. 2A:15-97.

### TWENTY FIRST SEPARATE DEFENSE

To the extent applicable, defendant(s) is entitled to a credit for any and all medical bills or other benefits for which plaintiff either received or is entitled to received benefits from any collateral source pursuant to N.J.S. A. 2A:15-97.

### TWENTY SECOND SEPARATE DEFENSE

The answering Defendant is not liable to the Plaintiff in that there is no liability upon any public employees pursuant to the provisions of N.J.S. A. 59:2-2(b).

### TWENTY THIRD SEPARATE DEFENSE

The answering Defendant is immune from liability pursuant to the provisions of N.J.S. A. 59:3-1, et. seq.

### TWENTY FOURTH SEPARATE DEFENSE

The answering Defendant asserts the applicability of the provisions of N.J.S. A. 59:2-3 through 59:3-2 as to the absence of liability from the exercise of judgment or discretion.

### TWENTY FIFTH SEPARATE DEFENSE

The answering Defendant asserts the applicability of the provisions of N.J.S.A. 59:8-3 through 59:8-7 regarding failure to provide adequate and timely notice of claim.

### TWENTY SIXTH SEPARATE DEFENSE

The answering Defendant asserts the applicability of the provisions of N.J.S.A. 59:8-8 through 59:8-11 regarding failure to timely file a notice of claim and/or failure to file a notice of claim as set forth therein.

### TWENTY SEVENTH SEPARATE DEFENSE

Any recovery to which the Plaintiff might otherwise be entitled is subject to reduction in accordance with the judgments, damages and interest provided in N.J.S.A. 59:9-2.

### TWENTY EIGHTH SEPARATE DEFENSE

The answering Defendant asserts the applicability of N.J.S.A. 59:9-3 and 59:9-4 regarding joint tortfeasors and the comparative negligence of the Plaintiff.

### TWENTY NINTH SEPARATE DEFENSE

The answering Defendant, by pressing the aforementioned defense(s), does not intend to limit his defenses and/or rights under the Act, and hereby affirmatively pleads the procedural and substantive provisions of the New Jersey Tort Claims Act [N.J.S.A. 59:1-1, et. seq.] which provisions are applicable and have not been previously cited in this Answer
.

### THIRTY SEPARATE DEFENSE

The answering Defendant did not act with malice but did act in good faith, therefore, the Plaintiff is not entitled to damages.

### THIRTY FIRST SEPARATE DEFENSE

The answering Defendant asserts that the actions taken by the answering Defendant was subject to immunity or partial immunity or authorized by law.

### THIRTY SECOND SEPARATE DEFENSE

The answering Defendant asserts that the actions taken by the answering Defendant were subject to absolute and/or qualified immunity under U.S. Constitutional and New Jersey Constitutional Law.  The answering Defendant asserts that the Plaintiff has failed to plead any constitutional violations with such specificity as to state a cognizable claim under 42 U.S.C.A. §1983 or N.J.S.A. 10:6-2.

### THIRTY THIRD SEPARATE DEFENSE

Defendant is immune from claims for Punitive Damages under State and Federal Constitutional, Statutory, and Case Law, and Plaintiff has failed to state a cause of Action to warrant recovery of Punitive Damages.

## THIRTY FOURTH SEPARATE DEFENSE

The answering Defendant asserts that the Plaintiff's Fourteenth Amendment claims must be dismissed as a matter of law because claims made against law enforcement Officers alleging excessive use of force are properly analyzed under the Fourth Amendment. Plaintiff was not denied procedural or substantive due process or equal protection under the law.

## THIRTY FIFTH SEPARATE DEFENSE

Defendant hereby reserves the right to amend the Answer to assert additional separate defenses as revealed or suggested by the completion of ongoing investigation and discovery. The answering defendant denies each and every allegation of any and all Cross- Claims, which may have been or may be asserted against defendants.

## THIRTY SIXTH SEPARATE DEFENSE

Defendant hereby raises the defense that plaintiff failed to properly issue and serve the summons in a timely manner following the filing of the complaint, pursuant to applicable New Jersey Court Rules.

## CROSS CLAIMS

This answering party hereby asserts cross claims against co-defendants for indemnification and/or contribution as may be appropriate.

## JURY TRIAL DEMAND

Defendant Officer Thomas Cannon hereby demands a Trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Thomas B. Reynolds, Esquire is hereby designated as trial counsel for the defendant, Officer Thomas Cannon, in the above captioned matter.

**REYNOLDS & HORN, P.C.**

Dated: 12/19/19   By: _/s/ Thomas B. Reynolds_

Thomas B. Reynolds, Esquire
Attorney for defendant Officer Thomas Cannon